IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                                                  Case No. 3:23cr71/TKW

RAMON M. SINGLETON
_____/

## FACTUAL BASIS FOR GUILTY PLEA

Defendant Singleton admits that if this case were to proceed to trial, the government could prove the following facts:

Federal, state, and local law enforcement agencies in the Northern District of Florida have been investigating a multi-state drug trafficking and money laundering organization ("DTO") operating in Florida and Texas. The Florida-based subjects of the investigation, among others, were Ainsley Brown ("Brown"), Marcus Spears ("Spears"), Marco Spencer ("Spencer"), Ramon Singleton ("Singleton"), Patrick Bradley ("Bradley"), and Cory Tucker ("Tucker"). Some of the Florida-based subjects conspired with, and relied upon, Alejandro Zuniga ("Zuniga") as a source of supply for cocaine, as well as Victor Villarreal ("Villarreal") as a courier of illicitly procured United States currency in order to conceal the drug proceeds in interstate commerce.

On August 18, 2023, law enforcement obtained federal search warrants for

1

FILED IN OPEN COURT
10/12/23
CLERK, UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

multiple locations in the Northern District of Florida. On August 22, 2023, law enforcement executed the warrants and arrested multiple defendants, to include SINGLETON. After being advised of his rights pursuant to *Miranda*, SINGLETON admitted his involvement in the charged drug trafficking conspiracy.

The investigation began around January 2022, when a source of information informed law enforcement that BROWN was distributing large quantities of cocaine that he received from a source of supply in Texas. The source of information detailed how BROWN would obtain five kilograms of cocaine at a time from his source in Texas, store the product at his business, "All Gas No Brakes Paint and Body (AGNB)," and distribute the product to lower members of his drug trafficking organization. One of BROWN's sources of supply was identified as SPEARS, and BROWN's other source of supply was identified as ZUNIGA. Law enforcement also had information from cooperating sources that SPEARS was distributing large quantities of cocaine and using his trucking company to act as a type of "front" to keep his illicit activities covert. Indeed, law enforcement was able to make a lawful traffic stop of SPEARS, in May 2022, wherein SPEARS was caught traveling westbound from Pensacola with approximately $142,480 in United States currency that was to be utilized for drug trafficking purposes. Law enforcement was able to further confirm such source information through the interception of wire and electronic communications and verified it through the use of electronic and physical

surveillance, as well as other covert investigative techniques, as described below.

On May 15, 2023, a United States District Judge signed an order authorizing the interception of wire and electronic communications to and from the cellular telephones of BROWN (TT1) and SPEARS (TT2). Immediately, law enforcement intercepted communications between BROWN, TUCKER, and SPEARS involving the distribution of cocaine. On May 16, 2023, law enforcement conducted surveillance at AGNB and observed BROWN pay SPEARS a sum of United States currency, and then BROWN retrieve a box from SPEARS's vehicle, which contained approximately 13 ounces of cocaine. This surveillance corroborated the intercepted calls.

This eventually led to the interception of multiple telephone lines of SPEARS as well as of SINGLETON. Intercepted telephone calls, as well as physical surveillance, revealed that SINGLETON was conspiring directly with SPEARS, as well as with BRADLEY and SPENCER, to procure cocaine in interstate commerce from Texas and conceal illicit United States currency back to Texas to further the unlawful activity. That is, SINGLETON, and others in the DTO, worked together in order for there to be an interstate transfer of United States currency that was proceeds of the DTO, and this included setting up and executing the concealed transfer of DTO proceeds to VILLARREAL in Alabama at a vehicle rest stop off of Interstate I-10.

On more than one occasion during the instant investigation, SINGLETON was intercepted communicating with SPEARS about their cocaine proceeds and the courier utilized to make the interstate transfer of DTO money. This included interceptions regarding the most recent source of supply in their conspiracy, who was out of Texas and was orchestrating the interstate transfer of cocaine in exchange for more currency in return. Sometimes their discussions related to in excess of $100,000 worth of cocaine proceeds to be transferred between Northwest Florida and Texas in order to keep the DTO operating.

For example, SPEARS was repeatedly intercepted, in June 2023, communicating with BRADLEY and SINGLETON about how much currency they needed in order to pay a courier (VILLARREAL), and there was direct surveillance of SPEARS meeting with BRADLEY/SINGLETON, and then BRADLEY meeting with VILLARREAL at a predetermined location to take the drug money to a source of supply of cocaine in Texas. The last one of these surveilled meetings culminated with VILLARREAL being stopped with over $80,000 in United States currency that SPEARS, SINGLETON, and BRADLEY had arranged for interstate transport to further the drug trafficking conspiracy.

SINGLETON agrees that the charged conspiracy in Count One, in which he was involved and foresaw, involved between 15 – 50 kilograms of cocaine. He further agrees that he conspired with others to utilize a cellular telephone facility to

4

help carry out that which is charged in Count One. SINGLETON further agrees the indictment, which is incorporated herein, is true and accurate.

### ELEMENTS OF THE OFFENSES

The elements of conspiracy to distribute and possess with intent to distribute 5 or more kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(ii), and 21 U.S.C. § 846, as charged in Count One, are:

*First:* Two or more people in some way agreed to try to accomplish a shared and unlawful plan to distribute and possess with intent to distribute 5 or more kilograms of cocaine;

*Second:* The defendant knew the unlawful purpose of the plan and willfully joined in it; and

*Third:* The object of the unlawful plan was to distribute and possess with intent to distribute cocaine in the charged amount.

The elements of conspiracy to utilize a telephone communication facility in violation of 21 U.S.C. § 843(b) and §846, as charged in Count Two, are:

*First:* The defendant used a communication facility such as a cellular telephone;

*Second:* The defendant used the facility while committing or helping to commit the crime charged in Count One; and

*Third:* The defendant acted knowingly and intentionally.

The elements of the Conspiracy to Commit Money Laundering in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 1957(h), as charged in Count Three, are:

*First:* Two or more people in some way agreed to try to accomplish a shared and unlawful plan to conduct unlawful financial transactions as charged;

*Second:* The defendant knew that the money or property involved in the transactions were the proceeds of some kind of unlawful activity and willfully joined the conspiracy;

*Third:* The money or property did come from a conspiracy to distribute and possess with intent to distribute cocaine and implicated interstate commerce as charged.

_____
JOHN L. WILKINS
Attorney for Defendant
Florida Bar No. 0137529
221 East Government Street
Pensacola, Florida 32502
(850) 429-9757

10/11/2023
Date

_____
RAMON M. SINGLETON
Defendant

10/11/2023
Date

JASON R. COODY
United States Attorney

_____
DAVID L. GOLDBERG
Assistant U.S. Attorney
Northern District of Florida
Member of the Maryland Bar
21 East Garden Street, Suite 400
Pensacola, Florida 32502
(850) 444-4000

10/12/23
Date

_____
JESSICA S. ETHERTON
Assistant U.S. Attorney
Northern District of Florida
Florida Bar No. 0070554
21 East Garden Street, Suite 400
Pensacola, Florida 32502
(850) 444-4000